IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MELISSA CAIN,**

    **Plaintiff,**

**v.**
                                                         **Civil Action No. 5:08cv79**
                                                         **(Judge Keeley)**

**CVS PHARMACY, INC.,**
**CVS of WEST VIRGINIA, INC.,**
**GARY SWART, an individual,**
**And WILLIAM YOUNG, an individual,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND

### I. Background

On March 28, 2007, Plaintiff Melissa Cain ("Cain") filed this lawsuit in the Circuit Court of Marshall County alleging, among other things, that she was wrongfully terminated by the Defendants CVS Pharmacy, Inc. and Hook-SuperRx, L.L.C. (jointly "CVS") in violation of the West Virginia Human Rights Act, W. Va. Code § 5-11-1 et seq., (the "WVHRA"). Specifically, Cain contends that CVS unlawfully discriminated against her because of her gender and/or her pregnancy. Cain argues that her co-worker, defendant William Young ("Young"), influenced CVS's decision to discharge her.

CVS first removed the case on September 14, 2007, contending that Young, the only non-diverse defendant in the case, had been fraudulently joined by Cain. In that Notice of Removal, CVS stated that the defendants "first ascertained that defendant Young was fraudulently joined as a defendant when they took plaintiff's

deposition on August 22, 2007." Cain moved to remand on September 20, 2007. CVS responded that it was "clear that Young did not commit any conduct even remotely resembling a tort or discrimination and [it is also clear] that plaintiff has 'no possibility of right to relief' against him." See dkt. no. 16, Exhibit A. In the same document, CVS also argued that "it is clear that Young was fraudulently joined." Id. On October 30, 2007, this Court concluded that Young had been properly joined and remanded the case to state court after finding, first, that Cain's cause of action against Young is cognizable under the WVHRA, and second, that CVS had failed to show Cain had no possibility of establishing a right to relief against Young under that statute.

On March 27, 2008, within a year of the filing of Cain's lawsuit, CVS removed this case to federal court for a second time, again contending that Young had been fraudulently joined. CVS's second Notice of Removal states that the defendants "first ascertained that Defendant Young was fraudulently joined as a defendant following the depositions of Swart, Young and Moore on March 18, 2008." See dkt. no. 1. CVS's notice also interprets this Court's October 30, 2007 Memorandum Opinion and Order Granting Plaintiff's Motion to Remand as holding that "the first removal action was premature." See dkt. no. 16. In response to the

2

defendant's second Notice of Removal, Cain filed a Motion to Remand and Motion for Sanctions on April 24, 2008. The issues raised by the second removal are now ripe for decision.

## II. Legal Standard

A federal court must remand a case removed from state court whenever it becomes apparent that it lacks subject matter jurisdiction. 28 U.S.C. § 1447. A federal district court has diversity jurisdiction over a case if it arises between the citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

When there is not complete diversity between the parties, a district court may still exercise subject matter jurisdiction over a case if a non-diverse party has been fraudulently joined. To demonstrate fraudulent joinder, the removing party must provide evidence of either "outright fraud in the plaintiff's pleading of jurisdictional facts" or that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999).[1] "The party alleging fraudulent joinder bears a heavy burden - it must show that a plaintiff cannot

---

[1] The defendants do not allege outright fraud in Cain's pleading of jurisdictional facts. Therefore, the Court will limit its analysis to the second prong of Hartley.

3

establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Id. "Once the Court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends" and remand is required. Id. at 426. Furthermore, the district court must resolve any uncertainties as to the current state of controlling law in favor of the plaintiff. Id.

To remove a case, the defendant's "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b). However,

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 [diversity jurisdiction] more than 1 year after commencement of the action.

Id. Courts have interpreted the words "other paper" to include deposition transcripts. See, e.g., S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996); TKI, Inc. v. Nichols Research Corp., 191 F.Supp.2d 1307, 1310 (M.D. Ala. 2002).

**CAIN v. CVS PHARMACY, ET AL.**                                    5:08cv79

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND**
---

Under this statute, defendants can seek successive removals. See In re Diet Drugs, 282 F.3d 220, n.8 (3rd Cir. 2002); Benson v. SI Handling Systems, Inc., 188 F.3d 780, 782 (7th Cir. 1999); S.W.S. Erectors, 72 F.3d at 492; Grover v. Comdial Corp., 275 F.Supp.2d 750, 753 (W.D. Va. 2003); TKI, 191 F.Supp.2d at 1312.[2] Specifically, defendants can seek a second removal so long as it is based on different grounds. S.W.S. Erectors, 72 F.3d at 492. The phrase "different grounds" can mean "a different set of facts that state a new ground for removal . . . . [S]ection 1446(b) contemplates a valid second petition for removal that alleges new facts in support of the same theory of removal." Id. at 493 (citing O'Bryan v. Chandler, 496 F.2d 403, 410 (10th Cir. 1974)).

On the other hand, a court will not entertain second removals made in bad faith for the "obvious purpose and intent of simply frustrating the trial of the issues in the State Court." Smith v. Student Non-Violent Coordinating Committee, 421 F.2d 522, 524 (5th

---

[2] But see Severonickel v. Gaston Reymenants, 115 F.3d 265, n.3 (4th Cir. 1997) (noting that a district court "may have been mistaken in its observation that Reymenants might be able to remove the case again, following additional discovery in state court.") Because the Fourth Circuit then cites to St. Paul & Chicago Railway Co., 108 U.S. 212 (1883); and S.W.S. Erectors, 72 F.3d 489 (5th Cir. 1996), which both state that defendants cannot attempt a successive removal on the same grounds as the first removal, Severonickel is not inconsistent with the cases cited here because it does not seem to bar successive removals based on different grounds.

Cir. 1969).  In fact, numerous removals "could encounter problems [and] could even lead to sanctions . . . if nothing of significance changes between the first and second tries."  Benson, 188 F.3d at 783.  See also Wisconsin v. Glick, 782 F.2d 670 (7th Cir. 1986).

### III. Analysis

The question on this "second try" remains whether Cain fraudulently joined Young as a defendant in this case.  CVS thus has the onerous task of establishing that there is no possibility that Cain would be able to establish a WVHRA claim against Young.  Furthermore, because this Court remanded the case once before, CVS also must show that there has been a significant change in the factual circumstances of this case warranting a second removal on the same legal theory as the first failed attempt.

Initially, the Court notes that CVS has misconstrued its October 30, 2007 Memorandum Opinion and Order.  Its second Notice of Removal states that "[a]s held . . . in the October 2007 remand Order, this action was not ripe for removal until additional discovery was taken . . . ." CVS then cites footnote five from the Court's opinion to support this interpretation.  Footnote five reads: "The Court notes that these other individuals have not yet been deposed and that discovery is ongoing in this litigation."

To the extent that CVS reads this footnote as suggesting that additional discovery might justify a second try at removal, it badly misconstrues the Court's intent. Within the context of the Order, the footnote merely explains why CVS relied on affidavits, instead of depositions, to support its first Notice of Removal. Thus, contrary to an assertion that this Court merely concluded the case was unripe for removal in 2007, it definitively held that Young was not fraudulently joined. That holding could not have been clearer; the Order explicitly states that "this Court finds that William Young was not fraudulently joined as a defendant."

Because of this finding, CVS needs to show a <u>significant</u> change in the facts to warrant re-removal on the same legal theory. Specifically, it must show why there is <u>now</u> no possibility that Cain can establish a WVHRA claim against Young. See <u>S.W.S. Erectors</u>, 72 F.3d at 492-93.

Although CVS has resubmitted excerpts from Cain's deposition to support its second removal, it used her deposition as the basis for its first Notice of Removal, and it can hardly argue that the deposition contains significant and new facts to justify re-removal. However, the facts contained in the March 18, 2008 depositions of Young, Gary Swart, and Linda Moore, and the affidavits of Swart and Pharmacy Manager Carrie Lombardi, are

7

relevant to determining whether CVS has developed new and significant facts sufficient to support its "second try" at remand. CVS contends that these depositions and affidavits establish that no possibility exists that Cain can bring a WVHRA claim against Young. Specifically, it argues that the testimony of Swart, Young, and Moore "confirm that Young had absolutely no involvement in either the Loss Prevention investigation or the termination of Plaintiff." (Dkt. no. 16).

Whether Young, in fact, was involved in either is a disputed issue, and Cain's WVHRA claim against Young thus remains cognizable. Although CVS's witnesses testified in their depositions that Young was not formally involved in either the baby formula investigation or Cain's termination, no reasonable interpretation can stretch their testimony to support the conclusion that Young had no involvement whatsoever in her termination. Under West Virginia law, Young need not have formally participated in Cain's termination to be liable under the Act. Pursuant to the WVHRA, <u>any</u> person, regardless of whether they have decision-making or supervisory authority, can be liable if they "aid, abet, incite, compel, or coerce any person to engage in any of the unlawful discriminatory practices defined in [the Act]." W. Va. Code § 5-11-9. The prohibited practices include employment discrimination

on the basis of "race, religion, color, national origin, ancestry, sex, age, blindness, or disability." W. Va. Code § 5-11-9. Pregnancy discrimination is a violation of the WVHRA. Syl. pt. 2, Dep't of Natural Resources v. Myers, 443 S.E.2d 229 (W. Va. 1994).

Thus, because Cain can still reach Young under the WVHRA if he was even informally involved in her allegedly discriminatory termination, her claim remains cognizable. Moreover, whether Young was informally involved in the termination remains a disputed question of material fact. Cain testified in her August 22, 2007 deposition that Young seemed overly interested in her employment status, possibly because he stood to inherit her position if CVS fired her (which he did). Cain stated:

> He was just so interested in everything. He was prying all the time and wanted to know. And, you know, even if you get fired, don't worry, it will be okay. You can open up your day care center you wanted to open up. It was like he almost knew that I was going to be fired. And that was even before the second meeting. And he would just constantly ask questions about it. It was like he knew too much, and it was just weird.

See dkt. no. 16, Exhibit 3.

In contrast, the defendants' witnesses all testified that Young was not interviewed or questioned during the investigation that led to Cain's termination, or during the termination process itself. Furthermore, Young himself testified that he was

9

surprised, even "shocked," to learn that she had been fired. CVS thus contends that the deposition testimony proves unequivocally that Cain has no possibility of establishing her claim.

Because "conflicting testimony present[s] a question of the credibility of witnesses, which is, of course, for the jury . . . ," Atlantic Coast Line R. Co. v. Floyd, 227 F.2d 820, 822 (4th Cir. 1955), the Court declines to weigh the evidence about this material fact except to note that it is sufficient to allege the WVHRA cause of action against Young. Although CVS argues that Cain's claim against Young is not actionable because she has no "actual evidence" linking Young to her termination, the defendants offer no more "proof" than dos Cain, given that they refute her testimony by relying on their own testimony as proof of Young's non-involvement. Thus, Cain retains the "glimmer of hope" necessary to proceed with her claim.

Moreover, in its "Memorandum of Law in Opposition to Plaintiff's Motion to Remand and For Sanctions," CVS asks the Court to consider the "merits" of the case and thus to conclude that Cain has no cause of action against Young (dkt. no. 16). This Court, however, need not, indeed should not, determine the merits of Cain's claim on re-removal. Rather, it need only determine whether Cain can bring a claim under WVHRA against Young. In making this

determination, the Court notes that the "fraudulent joinder standard is 'even more favorable to the plaintiff than the standard for ruling on a motion to dismiss.'" Hartley, 187 F.3d at 424. Therefore, because the record reflects that a question of material fact exists over Young's purported involvement in Cain's termination, CVS has failed to establish that there is no possibility that Cain can establish a cause of action against Young.

In conclusion, after reviewing the record as a whole and construing the evidence in the light most favorable to Cain, this Court concludes that she still retains the "glimmer of hope" needed to bring her claim against Young. The additional depositions on which the defendants rely provide no new and significant facts warranting re-removal on the same legal grounds as their first, failed removal. Therefore, Young has been properly joined as a defendant in this case.

## IV. Sanctions

District courts have discretion to award costs and attorney fees when remanding a case. In re Lowe, 102 F.3d 731, n.2 (4th Cir. 1996). Specifically, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.

§ 1447(c).  Courts will not tolerate second removals taken by the defendants in bad faith "with the obvious purpose and intent of simply frustrating the trial of the issues in the State Court." Smith, 421 F.2d at 524.  However, bad faith is not a prerequisite to sanctions where a cursory examination of the face of the complaint would have revealed a lack of federal jurisdiction.  In re Lowe, 102 F.3d at n.2 (citing Husk v. E.I. Du Pont De Nemours and Co., 842 F.Supp. 895 (1994 S.D.W. Va.)).  Specifically, where a defendant's removal is "ill-founded" because, for example, the plaintiff's complaint raised no federal question, sanctions are appropriate.  Husk, 842 F.Supp. at 893.

Pursuant to this rule, this Court can award just costs and attorney fees in this case if CVS removed in bad faith, or if it removed on an "ill-founded" basis.  Here, CVS's second removal was, at a minimum, ill-founded because it was based, in part, on a patent mischaracterization of this Court's October 30, 2007 Memorandum Opinion and Order.

CVS misconstrued this Court's first remand Order when it argued that the Court "held . . . in the October 2007 remand Order, [that] this action was not ripe for removal until additional discovery was taken . . . ."  As the Court has noted, its earlier Order remanding the case explicitly found that William Young was

not fraudulently joined as a defendant." Furthermore, by merely noting in a footnote that certain individuals involved in the case had not yet been deposed, the Court never suggested that the defendants engage in more discovery and then attempt to re-remove the case.

Because CVS re-removed the case on the same legal basis without asserting significant new facts to justify it, and because the additional discovery CVS conducted between the first and second removals did not bring to light new facts significant enough to justify re-removal on the same failed legal theory, this Court directs CVS to pay the just costs and actual expenses, including attorney fees, that Cain incurred in defending herself against this second removal attempt.

## V. Conclusion

Because Young was not fraudulently joined as a defendant in this case, the Court **GRANTS** Plaintiff's Motion to Remand and Motion for Sanctions (dkt. no. 17), and **REMANDS** the case to the Circuit Court of Marshall County, West Virginia.  It further **DIRECTS** Cain to file, **within ten (10) days,** an accounting of the just costs and attorney fees incurred as a result of this removal.  Young must object, if at all, to Cain's accounting **within ten (10) days** of its filing date.

**CAIN v. CVS PHARMACY, ET AL.**                              5:08cv79

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND**

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: March 4, 2009.

                                          /s/ Irene M. Keeley
                                          IRENE M. KEELEY
                                          UNITED STATES DISTRICT JUDGE